

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 9, 1985

Mr. Ed Grisham
Chairman
Texas Employment Commission
T.E.C. Building, Room 624
Austin, Texas   78778

Opinion No. JM-306

Re:   Disposition   of   interest
earned on money in the Unemploy-
ment Compensation Fund

Dear Chairman Grisham:

You ask whether interest earned on money in the Unemployment Compensation Fund established by section 9 of the Texas Unemployment Compensation Act, codified as article 5221b-7, V.T.C.S., should be credited to that fund or to the state's General Revenue Fund. We conclude that such interest should be credited to the Unemployment Compensation Fund.

The fund in question was established in 1936 as a

> special fund, separate and apart from all public
> moneys or funds of this State . . . which shall be
> administered by the Commission exclusively for the
> purposes of this Act. This fund shall consist of
> (1)   all   contributions   collected   under   this
> Act . . . (2) all fines and penalties collected
> pursuant   to   the   provisions   of   this   act;   (3)
> interest earned upon any moneys in the fund; (4)
> any property or securities acquired through the
> use of moneys belonging to the fund; and (5) all
> earnings of such property or securities.

Acts 1936, 44th Leg., 3rd C.S., ch. 482, §9(a), at 2004. Section 9(b) of that act provides that the "State Treasurer shall be treasurer and custodian of the fund. . . ." Id. Althouth these provisions were subsequently amended, the character of the fund has not changed. See Acts 1945, 49th Leg., ch. 347, §5, at 594.

In 1941, the Texas Supreme Court determined that the State Treasurer acts as custodian and trustee of the fund but the fund is not the property of the state and the money collected for the fund does not belong in the State Treasury. Friedman v. American Surety Co. of New York, 151 S.W.2d 570 (Tex. 1941). The Supreme Court stated that the money in the Unemployment Compensation Fund

> is not the property of the state in any capacity, but is a trust fund to be held out of the State Treasury, but in the hands of the State Treasurer as trustee, for the benefit of a class of employees. . . .

Id. at 580.

Also in 1941, this office referred to the Supreme Court decision in Friedman v. American Surety Co. of New York, in determining that the designation of the unemployment fund as a trust fund and the admonition to establish a separate fund to be held apart from all public money of this state differentiates this money from the general and special funds of the state. Attorney General Opinion O-3607 (1941).

Subsequent to the act establishing the Unemployment Compensation Fund, the legislature, in 1959, enacted a statutory provision relevant to the disposition of depository interest. Article 2543d, V.T.C.S., provides, in pertinent part, that

> Section 1. Interest received on account of time deposits of moneys in funds and accounts in the charge of the State Treasurer shall be allocated as follows: To each constitutional fund there shall be credited the pro rata portion of the interest received due to such fund. The remainder of the interest received, with the exception of that portion required by other statutes to be credited on a pro rata basis to protested tax payments, shall be credited to the General Revenue Fund. The interest received shall be allocated on a monthly basis.
>
> . . . .
>
> Sec. 3. As to the proper interpretation and application of this Article, the State Treasurer is entitled to rely upon the opinion and advice of the Attorney General.

This office previously has determined that the provision of article 2543d which directs that interest earned on money in funds in the charge of the State Treasurer be credited to the General Revenue Fund does not apply to interest on trust funds which are not the property of the state and which the State Treasurer holds as trustee out of the State Treasury. Opinions issued by this office consistently have determined that interest on such trust funds becomes part of the principal and part of the fund which generated the interest.

See Attorney General Opinions JM-300 (1985); MW-82 (1979); H-1040 (1977); M-468 (1969). Cf. Attorney General Opinions MW-338 (1981); H-1167 (1978).

The Supreme Court settled the issue that the Unemployment Compensation Fund is a trust fund out of the State Treasury for the benefit of a class of employees. It is our opinion that interest earned on the Unemployment Compensation Fund should not be deposited to the General Revenue Fund pursuant to article 2543d but, instead, should be credited to the Unemployment Compensation Fund.

## S U M M A R Y

Interest earned on money in the Unemployment Compensation Fund established by article 5221b-7, V.T.C.S., should be credited to the Unemployment Compensation Fund.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton